UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator;<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 1:17-CV-1309 |

## COMPLAINT

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD, P.C., and complaining of the Defendant, UNITED STATES OF AMERICA, states as follows:

### JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq.

2. The Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, has complied with Section 2675(a) of the Federal Tort Claims Act, and has exhausted her administrative remedies before filing this suit.

3. On June 10, 2016, Plaintiff filed an administrative claim with the United States Department of Health and Human Services ("HHS") for medical care that resulted in the still birth of Maria Munoz's child, Fatima Alqadi.

4. On December 12, 2016, HHS denied the administrative claim. (*See* 12/12/16 Letter, attached as Exhibit A).

5. The Plaintiff has elected to file suit against the UNITED STATES OF AMERICA ("USA") in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 2401(b).

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b), in which the District Court shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

7. Venue is proper under 28 U.S.C. § 1391(b) because of all the acts and omissions forming the basis of this claim occurred in the Northern District of Illinois.

8. On or about June and July 2014, and at all times material, AUNT MARTHA'S YOUTH SERVICES CENTER, INC. ("AUNT MARTHA'S") was a healthcare facility located in Chicago Heights, Cook County, Illinois, receiving grant money from the UNITED STATES PUBLIC HEALTH SERVICE, pursuant to 42 U.S.C. § 233, as well as being the employer of various physicians, nurses, and healthcare workers.

9. On or about June and July 2014, and at all times material, RICHARD L. JONES, M.D. ("DR. JONES") was an agent, servant, and/or employee of AUNT MARTHA'S and USA.

## COUNT I
### (Medical Negligence)

10. On or about June and July 2014, and at all times material, AUNT MARTHA'S was operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

11. On or about June and July 2014, and at all times material, DR. JONES was a physician licensed to practice medicine in the State of Illinois.

12. On or about June and July 2014, and at all times material, AUNT MARTHA'S held itself out to the public generally as a provider of medical services.

13. On or about June and July 2014, and at all times material, USA undertook to employ DR. JONES and AUNT MARTHA'S for the purpose of providing medical services to individuals like MARIA MUNOZ.

14. On or about June and July 2014, and at all times material, DR. JONES was a member of the staff of AUNT MARTHA'S.

15. On or about June and July 2014, and at all times material, DR. JONES provided prenatal care and treatment to a pregnant MARIA MUNOZ.

16. On or about June and July 2014, MARIA MUNOZ complained to DR. JONES about itching without rash.

17. On or about June and July 2014, MARIA MUNOZ was in the third trimester of her pregnancy with FATIMA ALQADI.

18. While providing medical care and treatment to MARIA MUNOZ, DR. JONES had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful physician would use in the same or similar circumstances.

19. and DR. JONES, individually, and as an actual agent and/or employee of AUNT MARTHA's and/or USA, breached his duties and was negligent in one or more of the following respects:

    (a) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;
    (b) failed to order bile salts; and/or
    (c) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

20. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the DR. JONES, individually, and as an actual agent and/or employee of AUNT MARTHA'S and/or USA, FATIMA ALQADI was stillborn on July 29, 2014.

21. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

22. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADI's death, including loss of society, companionship, love, and affection, and grief, sorrow, and mental suffering.

23. Attached as Exhibit B is a copy of the Order appointing MARIA MUNOZ as Special Administrator of the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

24. Attached as Exhibit C are the certificate and Attorney's Affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, demand judgment against Defendant, UNITED STATES OF AMERICA that will fairly and adequately compensate the family's losses.

        Respectfully submitted,
        SALVI, SCHOSTOK & PRITCHARD P.C.

        By: /s/ Jeffrey J. Kroll
            An attorney for the Plaintiff

Jeffrey J. Kroll #6204895
Aaron D. Boeder #6302427
Eirene N. Salvi #6321198
Salvi, Schostok & Pritchard P.C.
22 W. Washington, Ste. 1600
Chicago, IL 60602
(312) 372-1227