

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2369
Fax: (202) 691-2035

DEC 12 2016

<u>U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED</u>
(Article No. 7006 0100 0002 1488 9370)

Aaron D. Boeder, Esq.
Jeffrey J. Kroll, Esq.
Law Offices of Salvi, Schostok & Pritchard, P.C.
22 West Washington Street, Suite 1600
Chicago, Illinois 60602-1615

Re: <u>**Administrative Tort Claim of Abdelaziz Alqadi and Maria Munoz, as Special Administrator of the Estate of F. Alqadi, an Infant, Deceased**</u>, Claim No. 2016-0450

Dear Mr. Boeder and Mr. Kroll:

On June 10, 2016, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, on behalf of your clients, Abdelaziz Alqadi and Maria Munoz, as Special Administrator of the Estate of F. Alqadi, for the wrongful death of F. Alqadi, an infant, alleging, *inter alia*, that, between June and July 2014, Dr. Richard Jones and Aunt Martha's Youth Services Center, located in Chicago Heights, Illinois, committed medical malpractice by failing to identify and react to the signs and symptoms of cholestasis of pregnancy, resulting in F. Alqadi being delivered stillborn on July 29, 2014.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent or wrongful act or omission of any employee of the federal government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of this administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Abdelaziz Alqadi and Maria Munoz, as Special Administrator of the Estate of F. Alqadi, relating to the alleged wrongful death of F. Alqadi, an infant, is denied. The evidence fails to establish that the alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

EXHIBIT A

Page 2- Aaron D. Boeder, Esq.

If your clients are dissatisfied with this determination, they may:

1. file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your clients request reconsideration, the Agency will review the administrative tort claim within six (6) months from the date the request is received. If the reconsidered administrative tort claim is denied, they may file suit within six (6) months from the date of mailing of the final determination.

Sincerely yours,

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch