UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator;<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; ANTHONY MILLARD, M.D.; and JOHN WODYNSKI, P.A.;<br><br>Defendant. | No. 1:17-CV-1309 |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD, P.C., and complaining of the Defendant, UNITED STATES OF AMERICA, states as follows:

### JURISDICTION AND VENUE

1. This action against the UNITED STATES OF AMERICA ("USA") arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., and the actions against the remaining defendants arise under Illinois state law.

2. The Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, has complied with Section 2675(a) of the Federal Tort Claims Act, and has exhausted her administrative remedies before filing this suit.

3. On June 10, 2016, Plaintiff filed an administrative claim with the United States Department of Health and Human Services ("HHS") for medical care that resulted in the still birth of Maria Munoz's child, Fatima Alqadi.

4. On December 12, 2016, HHS denied the administrative claim. (*See* 12/12/16 Letter, attached as Exhibit A).

5. The Plaintiff has elected to file suit against USA in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 2401(b).

6. Jurisdiction of this Court for the action of USA is invoked pursuant to 28 U.S.C. § 1346(b), in which the District Court shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

7. Jurisdiction of this Court against the state law defendants would be invoked under Federal Rule of Civil Procedure 20, in which permissive joinder of defendants is allowed in matters arising out of the same occurrence, or series of occurrences, or there is an assertion of relief jointly.

8. Venue is proper under 28 U.S.C. § 1391(b) because of all the acts and omissions forming the basis of this claim occurred in the Northern District of Illinois.

9. On or about June and July 2014, and at all times material, AUNT MARTHA'S YOUTH SERVICES CENTER, INC. ("AUNT MARTHA'S") was a healthcare facility located in Chicago Heights, Cook County, Illinois, receiving grant money from the UNITED STATES

PUBLIC HEALTH SERVICE, pursuant to 42 U.S.C. § 233, as well as being the employer of various physicians, nurses, and healthcare workers.

10. On or about June and July 2014, and at all times material, RICHARD L. JONES, M.D. ("DR. JONES") was an agent, servant, and/or employee of AUNT MARTHA'S and USA.

## COUNT I
### (Medical Negligence/Wrongful Death - USA)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of UNITED STATES OF AMERICA; states as follows:

11. On or about June and July 2014, and at all times material, AUNT MARTHA'S was operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

12. On or about June and July 2014, and at all times material, DR. JONES was a physician licensed to practice medicine in the State of Illinois.

13. On or about June and July 2014, and at all times material, AUNT MARTHA'S held itself out to the public generally as a provider of medical services.

14. On or about June and July 2014, and at all times material, USA undertook to employ DR. JONES and AUNT MARTHA'S for the purpose of providing medical services to individuals like MARIA MUNOZ.

15. On or about June and July 2014, and at all times material, DR. JONES was a member of the staff of AUNT MARTHA'S.

16. On or about June and July 2014, and at all times material, DR. JONES provided prenatal care and treatment to a pregnant MARIA MUNOZ.

17. On or about June and July 2014, MARIA MUNOZ complained to DR. JONES about itching without rash.

18. On or about June and July 2014, MARIA MUNOZ was in the third trimester of her pregnancy with FATIMA ALQADI.

19. While providing medical care and treatment to MARIA MUNOZ, DR. JONES had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful physician would use in the same or similar circumstances.

20. and DR. JONES, individually, and as an actual agent and/or employee of AUNT MARTHA's and/or USA, breached his duties and was negligent in one or more of the following respects:

    (a) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;
    (b) failed to order bile salts; and/or
    (c) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

21. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the DR. JONES, individually, and as an actual agent and/or employee of AUNT MARTHA'S and/or USA, FATIMA ALQADI was stillborn on July 29, 2014.

22. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

23. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADI's death, including loss of society, companionship, love, and affection, and grief, sorrow, and mental suffering.

24. Attached as Exhibit B is a copy of the Order appointing MARIA MUNOZ as Special Administrator of the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

25. Attached as Exhibit C are the certificate and Attorney's Affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator, demand judgment against Defendant, UNITED STATES OF AMERICA that will fairly and adequately compensate the family's losses.

## COUNT II
### (Medical Negligence/Wrongful Death – Franciscan, EMP, and Dr. Millard)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and, ANTHONY MILLARD, M.D.; states as follows:

26. On or about June 30, 2014, and at all times material, FRANCISCAN ALLIANCE, INC. ("FRANCISCAN") was an Indiana Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago Heights, Illinois, doing business as Franciscan St. James Hospital.

27. On or about June 30, 2014, and at all times material, FRANCISCAN held itself out to the public generally as a provider of medical and nursing services.

28. On or about June 30, 2014, and at all times material, ANTHONY MILLARD, M.D. ("DR. MILLARD") was a physician licensed to practice medicine in the State of Illinois.

29. On or about June 30, 2014, and at all times material, FRANCISCAN undertook to employ physicians, such as DR. MILLARD, for the purpose of providing medical services to individuals like MARIA MUNOZ.

30. On or about June 30, 2014, and at all times material, EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC ("EMP") was an Illinois Corporation operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

31. On or about June 30, 2014, and at all times material, EMP held itself out to the public generally as a provider of medical services.

32. On or about June 30, 2014, and at all times material, EMP undertook to employ physicians, such as DR. MILLARD, for the purpose of providing medical services to individuals like MARIA MUNOZ.

33. On or about June 30, 2014, and at all times material, DR. MILLARD was a member of the staff of FRANCISCAN.

34. On or about June 30, 2014, and at all times material, DR. MILLARD was a member of the staff of EMP.

35. On June 30, 2014, DR. MILLARD provided medical care and treatment to a pregnant MARIA MUNOZ for itching without a rash in the emergency department of FRANCISCAN.

36. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an employee and agent of FRANCISCAN.

37. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an apparent agent of FRANCISCAN.

38. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an employee and agent of EMP.

39. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful physician would use in the same or similar circumstances.

40. DR. MILLARD, individually, and as an actual or apparent agent and/or employee of FRANCISCAN and/or EMP breached his duties and was negligent in one or more of the following respects:

   (a) improperly diagnosed MARIA MUNOZ with an allergic reaction to laundry detergent;
   (b) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;
   (c) failed to order bile salts; and/or
   (d) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

41. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the DR. MILLARD, individually, and as an actual or apparent agent and/or employee of FRANCISCAN, and/or EMP, FATIMA ALQADI was stillborn on July 29, 2014.

42. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

43. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADI's death, including loss of society, companionship, love, and affection, and grief, sorrow, and mental suffering.

44. The Plaintiff brings this action pursuant to 740 ILCS 180/1 *et seq.,* commonly referred to as the "Wrongful Death Act." Attached as Exhibit "B" as evidence of her right to bring this action, is a copy of the Order appointing MARIA MUNOZ as Special Administrator of the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

45. Attached as Exhibit "C" are a report and affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; demands judgment against Defendants, FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and ANTHONY MILLARD, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT III
### (Medical Negligence/Wrongful Death – Franciscan, EMP, and Wodynski)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and, JOHN WODYNSKI, P.A.; states as follows:

46. On or about June 30, 2014, and at all times material, FRANCISCAN ALLIANCE, INC. ("FRANCISCAN") was an Indiana Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago Heights, Illinois, doing business as Franciscan St. James Hospital.

47. On or about June 30, 2014, and at all times material, FRANCISCAN held itself out to the public generally as a provider of medical and nursing services.

48. On or about June 30, 2014, and at all times material, JOHN WODYNSKI, P.A. ("WODYNSKI") was a physician licensed to practice medicine in the State of Illinois.

49. On or about June 30, 2014, and at all times material, FRANCISCAN undertook to employ physician's assistants, such WODYNSKI, for the purpose of providing medical services to individuals like MARIA MUNOZ.

50. On or about June 30, 2014, and at all times material, EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC ("EMP") was an Illinois Corporation operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

51. On or about June 30, 2014, and at all times material, EMP held itself out to the public generally as a provider of medical services.

52. On or about June 30, 2014, and at all times material, EMP undertook to employ physician's assistants, such as WODYNSKI, for the purpose of providing medical services to individuals like MARIA MUNOZ.

53. On or about June 30, 2014, and at all times material, WODYNSKI was a member of the staff of FRANCISCAN.

54. On or about June 30, 2014, and at all times material, WODYNSKI was a member of the staff of EMP.

55. On June 30, 2014, WODYNSKI provided medical care and treatment to a pregnant MARIA MUNOZ for itching without a rash in the emergency department of FRANCISCAN.

56. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an employee and agent of FRANCISCAN.

57. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an apparent agent of FRANCISCAN.

58. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an employee and agent of EMP.

59. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful physician's assistant would use in the same or similar circumstances.

60. WODYNSKI, individually, and as an actual or apparent agent and/or employee of FRANCISCAN and/or EMP breached his duties and was negligent in one or more of the following respects:

    (a) improperly diagnosed MARIA MUNOZ with an allergic reaction to laundry detergent;
    (b) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;
    (c) failed to order bile salts; and/or
    (d) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

61. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the WODYNSKI, individually, and as an actual or apparent agent and/or employee of FRANCISCAN, and/or EMP, FATIMA ALQADI was stillborn on July 29, 2014.

62. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

63. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADI's death, including loss of society, companionship, love, and affection, and grief, sorrow, and mental suffering.

64. The Plaintiff brings this action pursuant to 740 ILCS 180/1 *et seq.*, commonly referred to as the "Wrongful Death Act." Attached as Exhibit "B" as evidence of her right to bring this action, is a copy of the Order appointing MARIA MUNOZ as Special Administrator of

the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

65. Attached as Exhibit "C" are a report and affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; demands judgment against Defendants, FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and JOHN WODYNSKI, P.A.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

Respectfully submitted,
SALVI, SCHOSTOK & PRITCHARD P.C.

By: /s/ Jeffrey J. Kroll
An attorney for the Plaintiff

Jeffrey J. Kroll #6204895
Aaron D. Boeder #6302427
Eirene N. Salvi #6321198
Salvi, Schostok & Pritchard P.C.
22 W. Washington, Ste. 1600
Chicago, IL 60602
(312) 372-1227