040954/04774/BDR/DJB

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESTATE OF FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; ANTHONY MILLARD, M.D.; and JOHN WODYNSKI, P.A,<br><br>Defendants. | Case Number 17-CV-1309<br><br>Judge Robert W. Gettleman |

## DEFENDANT FRANCISCAN ALLIANCE, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Defendant, FRANCISCAN ALLIANCE, INC. by its attorneys CASSIDAY SCHADE LLP, and in answer to plaintiff, ESTATE OF FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator's First Amended Complaint at Law, states as follows:

### JURISDICTION AND VENUE

1. This action against the UNITED STATES OF AMERICA ("USA") arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., and the actions against the remaining defendants arise under Illinois state law.

**ANSWER:** **This Defendant denies there is a valid cause of action against it under state law and therefore makes no answer to the remaining allegations in paragraph 1 of Plaintiff's First Amended Complaint.**

2. The Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ,

Special Administrator, has complied with Section 2675(a) of the Federal Tort Claims Act, and has exhausted her administrative remedies before filing this suit.

**ANSWER: This Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 2 of Plaintiff's First Amended Complaint.**

3. On June 10, 2016, Plaintiff filed an administrative claim with the United States Department of Health and Human Services ("HHS") for medical care that resulted in the still birth of Maria Munoz's child, Fatima Alqadi.

**ANSWER: This Defendant is without sufficient knowledge to admit or deny the allegations in paragraph 3 of Plaintiff's First Amended Complaint.**

4. On December 12, 2016, HHS denied the administrative claim. {See 12/12/16 Letter, attached as Exhibit A).

**ANSWER: This Defendant admits according the correspondence attached to the First Amended Complaint the allegations in paragraph 4 are correct.**

5. The Plaintiff has elected to file suit against USA in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 2401(b).

**ANSWER: This Defendant admits the United States of America is named in the current suit.**

6. Jurisdiction of this Court for the action of USA is invoked pursuant to 28 U.S.C. § 1346(b), in which the District Court shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

**ANSWER: The allegations of paragraph 6 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

7. Jurisdiction of this Court against the state law defendants would be invoked under Federal Rule of Civil Procedure 20, in which permissive joinder of defendants is allowed in matters arising out of the same occurrence, or series of occurrences, or there is an assertion of relief jointly.

**ANSWER: This Defendant denies the allegations of Paragraph 7 of Plaintiff's Complaint at Law.**

8. Venue is proper under 28 U.S.C. § 1391(b) because of all the acts and omissions forming the basis of this claim occurred in the Northern District of Illinois.

**ANSWER: This Defendant denies the acts or omissions referenced form the basis for a claim against it and therefore this Defendant denies venue is proper.**

9. On or about June and July 2014, and at all times material, AUNT MARTHA'S YOUTH SERVICES CENTER, INC. ("AUNT MARTHA'S") was a healthcare facility located in Chicago Heights, Cook County, Illinois, receiving grant money from the UNITED STATES PUBLIC HEALTH SERVICE, pursuant to 42 U.S.C. § 233, as well as being the employer of various physicians, nurses, and healthcare workers.

**ANSWER: The allegations of paragraph 9 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

10. On or about June and July 2014, and at all times material, RICHARD L. JONES, M.D. ("DR. JONES") was an agent, servant, and/or employee of AUNT MARTHA'S and USA.

**ANSWER: The allegations of paragraph 10 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

## COUNT I
### (Medical Negligence/Wrongful Death - USA)

11-25. Count I is not directed at this Defendant and therefore this Defendant makes no answer to the allegations contained in paragraphs 11-25 of Count I. To the extent any of the allegations in paragraphs 11-25 of Count I are deemed against this Defendant they are denied.

## COUNT II
### (Medical Negligence/Wrongful Death - Franciscan, EMP, and Dr. Millard)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and, ANTHONY MILLARD, M.D.; states as follows:

26. On or about June 30, 2014, and at all times material, FRANCISCAN ALLIANCE, INC. ("FRANCISCAN") was an Indiana Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago Heights, Illinois, doing business as Franciscan St. James Hospital.

**ANSWER:  This Defendant admits it was an Indiana Corporation doing business under certain assumed names identified by the Illinois Secretary of State. This Defendant denies the remaining allegations in paragraph 26.**

27. On or about June 30, 2014, and at all times material, FRANCISCAN held itself out to the public generally as a provider of medical and nursing services.

**ANSWER:  This Defendant denies the allegations of paragraph 27 as stated.**

28. On or about June 30, 2014, and at all times material, ANTHONY MILLARD, M.D. ("DR. MILLARD") was a physician licensed to practice medicine in the State of Illinois.

**ANSWER:  On information and belief, the allegations of paragraph 28 are correct.**

29. On or about June 30, 2014, and at all times material, FRANCISCAN undertook to employ physicians, such as DR. MILLARD, for the purpose of providing medical services to individuals like MARIA MUNOZ.

**ANSWER:** **This Defendant denies the allegations of paragraph 29.**

30. On or about June 30, 2014, and at all times material, EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC ("EMP") was an Illinois Corporation operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

**ANSWER:** **The allegations of paragraph 30 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

31. On or about June 30, 2014, and at all times material, EMP held itself out to the public generally as a provider of medical services.

**ANSWER:** **The allegations of paragraph 31 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

32. On or about June 30, 2014, and at all times material, EMP undertook to employ physicians, such as DR. MILLARD, for the purpose of providing medical services to individuals like MARIA MUNOZ.

**ANSWER:** **The allegations of paragraph 32 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

33. On or about June 30, 2014, and at all times material, DR. MILLARD was a member of the staff of FRANCISCAN.

**ANSWER:** **This Defendant admits Dr. Millard was an independently contracted staff physician but denies he was an employee or agent of this Defendant and denies any**

**remaining allegations in paragraph 33.**

34. On or about June 30, 2014, and at all times material, DR. MILLARD was a member of the staff of EMP.

**ANSWER: The allegations of paragraph 34 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

35. On June 30, 2014, DR. MILLARD provided medical care and treatment to a pregnant MARIA MUNOZ for itching without a rash in the emergency department of FRANCISCAN.

**ANSWER: This Defendant admits Maria Munoz received certain medical care and treatment as identified in the medical records of Maria Munoz. This Defendant denies any allegations which are inconsistent with the medical records of Maria Munoz.**

36. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an employee and agent of FRANCISCAN.

**ANSWER: This Defendant denies the allegations of paragraph 36.**

37. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an apparent agent of FRANCISCAN.

**ANSWER: This Defendant denies the allegations of paragraph 37.**

38. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD was doing so as an employee and agent of EMP.

**ANSWER: The allegations of paragraph 38 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

39. While providing medical care and treatment to MARIA MUNOZ, DR. MILLARD had a duty to possess and apply the knowledge and use the skill and care that a

reasonably careful physician would use in the same or similar circumstances.

**ANSWER: This Defendant admits only those duties imposed on it by law, denies those duties are properly laid out in paragraph 39 with respect to this Defendant, and denies any breach of any duty by this Defendant as it relates to Maria Munoz.**

40. DR. MILLARD, individually, and as an actual or apparent agent and/or employee of FRANCISCAN and/or BMP breached his duties and was negligent in one or more of the following respects:

    (a) improperly diagnosed MARIA MUNOZ with an allergic reaction to laundry detergent;

    (b) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;

    (c) failed to order bile salts; and/or

    (d) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

**ANSWER: This Defendant denies the allegations of paragraph 40, including, but not limited to subparagraphs a, b, c, and d, inclusive, and each of them.**

41. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the DR. MILLARD, individually, and as an actual or apparent agent and/or employee of FRANCISCAN, and/or BMP, FATIMA ALQADI was stillborn on July 29, 2014.

**ANSWER: This Defendant denies the allegations of paragraph 41.**

42. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

**ANSWER: This Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 42.**

43. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADI's death, including loss of society, companionship, love, and

affection, and grief, sorrow, and mental suffering.

**ANSWER:** **This Defendant denies the allegations of paragraph 43.**

44. The Plaintiff brings this action pursuant to 740 ILCS 180/1 et seq., commonly referred to as the "Wrongful Death Act." Attached as Exhibit "B" as evidence of her right to bring this action, is a copy of the Order appointing MARIA MUNOZ as Special Administrator of the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

**ANSWER:** **This Defendant admits the existence of Exhibit B but denies the applicability of the Act to this Defendant as it relates to Maria Munoz.**

45. Attached as Exhibit "C" are a report and affidavit in compliance with 735 ILCS 5/2-622.

**ANSWER:** **This Defendant admits the existence of Exhibit C but denies the applicability of the statute and compliance with the statute as it relates to this Defendant.**

WHEREFORE, the Defendant, FRANCISCAN ALLIANCE, INC., denies the Plaintiff is entitled to any relief against it in any amount whatsoever.

### COUNT III
### (Medical Negligence/Wrongful Death - Franciscan, EMP, and Wodynski)

NOW COMES the Plaintiff, Estate of FATIMA ALQADI, deceased, by MARIA MUNOZ, Special Administrator; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of FRANCISCAN ALLIANCE, INC.; EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC; and, JOHN WODYNSKI, P.A.; states as follows:

46. On or about June 30, 2014, and at all times material, FRANCISCAN ALLIANCE, INC. ("FRANCISCAN") was an Indiana Corporation operating as a general

8

hospital licensed by the State of Illinois in the City of Chicago Heights, Illinois, doing business as Franciscan St. James Hospital.

**ANSWER:** **This Defendant admits it was an Indiana Corporation doing business under certain assumed names identified by the Illinois Secretary of State. This Defendant denies the remaining allegations in paragraph 46.**

47. On or about June 30, 2014, and at all times material, FRANCISCAN held itself out to the public generally as a provider of medical and nursing services.

**ANSWER:** **This Defendant denies the allegations of paragraph 47 as stated.**

48. On or about June 30, 2014, and at all times material, JOHN WODYNSKI, P.A. ("WODYNSKI") was a physician licensed to practice medicine in the State of Illinois.

**ANSWER:** **The allegations of paragraph 48 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

49. On or about June 30, 2014, and at all times material, FRANCISCAN undertook to employ physician's assistants, such WODYNSKI, for the purpose of providing medical services to individuals like MARIA MUNOZ.

**ANSWER:** **This Defendant denies the allegations of paragraph 49.**

50. On or about June 30, 2014, and at all times material, EMERGENCY MEDICINE PHYSICIANS OF COOK COUNTY, LLC ("EMP") was an Illinois Corporation operating as a medical services provider licensed by the State of Illinois in the City of Chicago Heights, Illinois.

**ANSWER:** **The allegations of paragraph 50 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

51. On or about June 30, 2014, and at all times material, EMP held itself out to the

public generally as a provider of medical services.

**ANSWER: The allegations of paragraph 51 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

52. On or about June 30, 2014, and at all times material, EMP undertook to employ physician's assistants, such as WODYNSKI, for the purpose of providing medical services to individuals like MARIA MUNOZ.

**ANSWER: The allegations of paragraph 52 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

53. On or about June 30, 2014, and at all times material, WODYNSKI was a member of the staff of FRANCISCAN.

**ANSWER: This Defendant admits P.A. Wodynski was an independently contracted staff physician's assistant but denies he was an employee or agent of this Defendant and denies any remaining allegations in paragraph 53.**

54. On or about June 30, 2014, and at all times material, WODYNSKI was a member of the staff of EMP.

**ANSWER: The allegations of paragraph 55 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

55. On June 30, 2014, WODYNSKI provided medical care and treatment to a pregnant MARIA MUNOZ for itching without a rash in the emergency department of FRANCISCAN.

**ANSWER: This Defendant admits Maria Munoz received certain medical care and treatment as identified in the medical records of Maria Munoz. This Defendant denies any allegations which are inconsistent with the medical records of Maria Munoz.**

56. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an employee and agent of FRANCISCAN.

**ANSWER:** **This Defendant denies the allegations of paragraph 56.**

57. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an apparent agent of FRANCISCAN.

**ANSWER:** **This Defendant denies the allegations of paragraph 57.**

58. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI was doing so as an employee and agent of EMP.

**ANSWER:** **The allegations of paragraph 58 are not directed at this Defendant and therefore this Defendant makes no answer to them.**

59. While providing medical care and treatment to MARIA MUNOZ, WODYNSKI had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful physician's assistant would use in the same or similar circumstances.

**ANSWER:** **This Defendant admits only those duties imposed on it by law, denies those duties are properly laid out in paragraph 59 with respect to this Defendant, and denies any breach of any duty by this Defendant as it relates to Maria Munoz.**

60. WODYNSKI, individually, and as an actual or apparent agent and/or employee of FRANCISCAN and/or BMP breached his duties and was negligent in one or more of the following respects;

 (a) improperly diagnosed MARIA MUNOZ with an allergic reaction to laundry detergent;

 (b) failed to diagnose MARIA MUNOZ with cholestasis of pregnancy;

 (c) failed to order bile salts; and/or

 (d) failed to ensure that MARIA MUNOZ delivered FATIMA ALQADI at 37 weeks gestation.

**ANSWER: This Defendant denies the allegations of paragraph 60, including, but not limited to, subparagraphs a, b, c, and d, inclusive, and each of them.**

61. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the WODYNSKI, individually, and as an actual or apparent agent and/or employee of FRANCISCAN, and/or BMP, FATIMA ALQADI was stillborn on July 29, 2014.

**ANSWER: This Defendant denies the allegations of paragraph 61.**

62. FATIMA ALQADI left surviving MARIA MUNOZ, her mother; ABDELAZIZ ALQADI, her father; and HANI ALQADI, her minor brother.

**ANSWER: This Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 62.**

63. The survivors of the decedent have suffered substantial pecuniary losses as a result of FATIMA ALQADl's death, including loss of society, companionship, love, and affection, and grief, sorrow, and mental suffering.

**ANSWER: This Defendant denies the allegations of paragraph 63.**

64. The Plaintiff brings this action pursuant to 740 ILCS 180/1 et seq., commonly referred to as the "Wrongful Death Act." Attached as Exhibit "B" as evidence of her right to bring this action, is a copy of the Order appointing MARIA MUNOZ as Special Administrator of the Estate of FATIMA ALQADI, deceased, entered by the Circuit Court of Cook County, Illinois.

**ANSWER: This Defendant admits the existence of Exhibit B but denies the applicability of the Act to this Defendant as it relates to Maria Munoz.**

65. Attached as Exhibit "C" are a report and affidavit in compliance with 735 ILCS 5/2-622.

**ANSWER: This Defendant admits the existence of Exhibit C but denies the applicability of the statute and compliance with the statute as it relates to this Defendant.**

WHEREFORE, the Defendant, FRANCISCAN ALLIANCE, INC., denies the Plaintiff is entitled to any relief against it in any amount whatsoever.

## JURY DEMAND

Defendant demands a trial by jury on all issues herein triable.

>Respectfully submitted,
>
>CASSIDAY SCHADE LLP
>
>By:  /s/ Daniel J. Broderick, Jr.
>  One of the Attorneys for Defendant,
>  FRANCISCAN ALLIANCE, INC.

Bradford D. Roth (ARDC No. 3123592)
Daniel J. Broderick, Jr. (ARDC No. 6304632)
**CASSIDAY SCHADE LLP**
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
broth@cassiday.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 24, 2017 I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

                                                   /s/ Daniel J. Broderick, Jr.

8551693